No. 99-30871
-1-

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-30871
Summary Calendar
_____

TELLY J. GUILLORY,

                                        Plaintiff-Appellant,

versus

BURL CAIN; DAVID ROSS; WILLIE R. THOMAS;
GERALD SCOTT; JIMMY JOHNSON; CHAD MENZINA, Captain;
LOUIE CALVERT, also known as Louie Calver;
RICHARD L. STALDER,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 98-CV-892-B
--------------------
April 28, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    Telly J. Guillory (Guillory), Louisiana prisoner # 320441, appeals the dismissal of his complaint under 42 U.S.C. § 1983 against defendants pursuant to 28 U.S.C. § 1915(e)(2)(B)(I) and (ii). Because Guillory failed to object timely to the magistrate judge's report, this court's review is limited to plain error. See Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Guillory argues that his complaint was improperly dismissed under Heck v. Humphrey, 512 U.S. 477 (1994), because he is not seeking release from custody or challenging his conviction. Heck does not preclude only those claims that directly challenge a conviction. Rather, claims are precluded that "would necessarily imply the invalidity" of a conviction. 512 U.S. at 487. We conclude, based upon the same reasons given by the magistrate judge, that Guillory's claim of excessive force necessarily implies the invalidity of Guillory's conviction for aggravated battery.

Guillory argues that his claim of conspiracy was nevertheless wrongfully dismissed because it "is wholly separate from the evolving circumstance regarding the allege [sic] confrontation that occurred between plaintiff and David Ross in the first incident." This statement is contradicted by the allegations of Guillory's amending complaint. See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999) (stating that this court will not allow a party to raise a claim for the first time on appeal), cert. denied, 120 S. Ct. 982 (2000). Even if Guillory had made this factual distinction in his amending complaint, Guillory's conspiracy claim stems from his claim of excessive force, and resolution of the proposed conspiracy claim would require a resolution of the underlying excessive-force claim, which Guillory cannot obtain under Heck. See 512 U.S. at 489.

Finally, Guillory alleged that he was beaten by correctional officers *after* he had been subdued and in restraints. Guillory

fails to argue, however, that this beating was separate and apart from the incident for which he was arrested and therefore, not barred by Heck.  This argument would have been a valid challenge to the magistrate judge's report, but because of the lack of objection and appellate briefing, we will not address this claim. See United States v. Calverley, 37 F.3d 160, 163-64 (5th  Cir. 1994) (en banc); Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

AFFIRMED.